UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**STATE FARM FIRE AND CASUALTY**                         **CIVIL ACTION**
**COMPANY**

**VERSUS**                                               **NO. 16-13643**

**AKINBOLAJI AKINGBOLA AKA**                             **SECTION "B"(2)**
**BOLAJI AKINGBOLA ET AL**

                         <u>ORDER AND REASONS</u>

**I.    NATURE OF MOTION AND RELIEF SOUGHT**

Before the court are Plaintiff's "Motion for Summary Judgment" (Rec. Doc. 12), Defendant's "Opposition to Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment" (Rec. Doc. 17) and Plaintiff's "Reply to Opposition for Summary Judgment" (Rec. Doc. 20). For the reasons set forth below, **IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment is **GRANTED**.

**II.   FACTS AND PROCEDURAL HISTORY**

Joseph Robert and Bolaji Akingbola were involved in an automobile accident on February 20, 2015 (Rec. Doc. 1). Joseph Robert initiated a lawsuit against Bolaji and State Farm Fire and Casualty Company in Louisiana civil court for damages related to the car accident (Rec. Doc. 1). Plaintiff, State Farm Fire and Casualty Company brought a declaratory judgment action against Defendant Joseph Robert and contends that it has no liability to the Defendant in connection with any claims asserted under a personal liability umbrella policy issued to Dr. Olugbenga

                                  1

Akingbola, Bolaji's father. State Farm issued a personal liability umbrella policy to Dr. Akingbola, residing at 14 Spy Glass Court, New Orleans, for a policy period that covered August 24, 2014 to August 24, 2015 (Rec. Doc. 12-4). In July of 2014 Bolaji moved out of his family residence on Spy Glass Court to an apartment on 1956 South Carrollton avenue (Rec. Doc. 12-4). Bolaji lived on South Carrollton at the time of the February 20, 2015 car accident (Rec. Doc. 12-4).

**III. FACTUAL AND LEGAL FINDINGS**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*,

477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Federal courts apply the substantive law of the forum state, as interpreted by the state's highest court, in diversity cases. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Plaintiff is a citizen of Illinois

3

and Defendant is a Citizen of Louisiana and Louisiana is the forum state of the current controversy (Rec. Doc. 1). Therefore Louisiana law governs this insurance coverage dispute. The Louisiana Supreme Court has summarized how insurance policies should be interpreted under state law and explains, "[a]n insurance policy is a contract between the parties. It should be construed by using the general rules for the interpretation of contracts as set out in the Civil Code. The role of the judiciary in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. A court is to determine the intent of the parties to an insurance contract in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. An insurance policy should not be interpreted in an unreasonable manner, such as to enlarge coverage beyond what is reasonably contemplated by the terms of the policy. Additionally, absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *Carbon v. Allstate Ins. Co.*, 719 So. 2d 437, 439-440 (La. 1998) (*internal citations and quotations omitted*).

In the instant matter this Court finds that State Farm Fire and Casualty Company is entitled to limiting its policy obligations

in a way that excludes Bolaji. Under Dr. Akingbola's State Farm insurance policy the term insured is defined as "you and your relatives whose primary residence is your household." (Rec. Doc. 12-4). It is undisputed based on the signed affidavits of both Dr. Akingbola and his son, Bolaji, that Dr. Akingbola resided at 14 Spy Glass Court and his son resided and paid rent for an apartment at 1956 South Carrollton avenue at the time of the accident (Rec. Doc. 12-4). Defendant in his opposition argues that there is a factual dispute regarding residency because Bolaji's driver's license lists his father's address, Bolaji still has a key to his father's house, some of Bolaji's books are still in his childhood room and Bolaji visits his father's house on holidays (Rec. Doc. 17).

However, when the Court evaluates "whether a person is or is not a resident of a household is a question of law as well as a question of fact that is to be determined from the facts of each case. The question is largely one of intention. The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in light of his conduct and circumstances of life." *Miley v. Louisiana Farm Bureau Casualty Ins. Co.*, 599 So. 2d 791, 798 (La.App. 1 Cir. 1992). None of these facts would convince a jury that Bolaji had the intention of residing at his father's house. Even when weighing the facts in favor of the

5

Defendant, none of these facts indicate that Bolaji considered 14 Spy Glass Court to be his residence or that he had the intention of making it his permanent residence in the future.

Dr. Akingbola and Bolaji have both signed affidavits stating that Bolaji was not a resident of Dr. Akingbola's household on the date of the accident and that Bolaji had no intention of moving home to become a resident of the household (Rec. Doc. 12-4). This is further confirmed by the fact that a few months after the accident Bolaji moved into another apartment at 1601 Burdette Street at not back to his father's house (Rec. Doc. 12-4). This Court finds that the Plaintiff is entitled to summary judgment because Bolaji was not a resident of his father's house and therefore the resident-relative exclusion in State Farm's Policy to Dr. Akingbola should apply.

New Orleans, Louisiana, this 24th day of May, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE